**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANN ALIOTO, AKA Ann Alito, | No. 11-15139 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02433-SMM |
| v. | |
| ASSOCIATED CREDITORS EXCHANGE INCORPORATED, an Arizona Corporation, AKA Receivables Management Consultants, Inc., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted April 20, 2012
San Francisco, California

Before: McKEOWN and N.R. SMITH, Circuit Judges, and BENITEZ, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

Ann Alioto appeals the district court's grant of summary judgment in favor of Associated Creditors Exchange, Inc. ("ACE"), dismissing her claims under Title VII of the Civil Rights Act of 1964, as amended, for hostile work environment and retaliation, and her claim for intentional infliction of emotional distress under Arizona law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.[1]

The district court did not err in finding that Alioto failed to establish a prima facie case with regard to her hostile work environment claim. The conduct that Alioto complained of was not "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *See EEOC v. Prospect Airport Servs., Inc.*, 621 F.3d 991, 997 (9th Cir. 2010). Rather, the conduct was episodic at best, which is insufficient to establish a prima facie case. *See Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1034 (9th Cir. 2005) ("Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (internal quotation marks omitted)). There was no evidence of widespread pornography. Moreover, when Alioto's coworker showed

_____

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

her a pornographic picture, ACE took corrective action. Finally, another coworker's comment that he "like[s] older women" does not rise to the level necessary to withstand summary judgment, and the second incident involving this coworker did not occur until months later.

On the other hand, the district court erred in granting summary judgment as to Alioto's retaliation claim. First, Alioto stated a prima facie claim. A reasonable jury could find that Alioto established a causal link between her protected activity and the termination of her employment, as her employment was terminated two hours after she complained about her coworker's behavior. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity."). Second, there is a genuine issue of pretext, due to the close temporal proximity between Alioto's complaint and the termination of her employment as well as evidence that ACE's disciplinary policy for failure to meet no-deficit quotas was applied arbitrarily. *See Dawson v. Entek Int'l*, 630 F.3d 928, 937 (9th Cir. 2011) ("In some cases, temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of . . . the showing of pretext."); *Bell v. Clackamas Cnty.*, 341 F.3d 858, 866 (9th Cir. 2003) (genuine issue of pretext where the employee presents evidence of temporal proximity as

well as other circumstantial evidence of pretext). We acknowledge ACE's position that it intended to terminate Alioto before the last incident; however, we cannot weigh the evidence on summary judgment.

Finally, with respect to Alioto's intentional infliction of emotional distress claim, the district court did not err in finding that the conduct complained of was not extreme and outrageous. Alioto has not shown that the work environment at ACE, ACE's alleged failure to investigate Alioto's complaints, or ACE's termination of her employment was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *See Johnson v. McDonald*, 3 P.3d 1075, 1080 (Ariz. Ct. App. 1999) (internal quotation marks omitted).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**